**United States Department of Justice**
**Executive office for immigration Review**
**Board of immigration Appeal**

| | |
|---|---|
| **Cardoza mejia benito** ) | |
| ) | IN RE :file no: 91-94-33-85 |
| ) | IN Deportation proceeding |
| **Respondent** ) | |
| | Motion to Reopen and remand |
| | And |
| | Motion for stay of Deportation |

Respondent Cardoza benito pro se pursuant to 8.c.f.R.§§ 3.2 and 3.8, moves that these proceeding be reopened a remanded to the immigration Court in phoenix Arizona for Consideration of Cardoza prima facie claim for suspension of Deportation ,and in the alternative for reconsideration and further analysis of Cancellation of remo Claim in light of new facts. And that Cardoza Deportation Be stayed pendent lite.
   Cardoza was order to removed the B.I.A affirmed the Ij decision on 7-25-2005.

### PROCEDURAL HISTORY

Respondent enter u.s on1986 and became permanent resident on 1990.on march 10-2005 the D.H.S filed anotice a ppear against the respondent .the notice to appear has been admitted to united states without being admitted or paroled or who arrived in the united states at any time or place other than as designated by the attorney General.

### ARGUMENTS

Respondent may be eligible to have removal Cancelled under section 240 A (a) of the immigration and National Act (ina).

Respondent have Been a permanent residence for at least 5 year.
Have at least 7 years Continuous residence in the united states after Having Been Lawfully admitted in any status
Have not been Convicted of aggravated felony.

### CONCLUSION

Caddoza a prima facie case of eligibility for suspension of deportation and Cancellation of Removal under sectio 240(a).the case should be reopened and remanded to the immigration judge for herring.

Respectfully submitted,

*Benito cardoza*

## Proof of service

I, hereby certify that on, July, 31, 2005, I served a copy of,_The motion to reopen and remand and motion for stay of Deportation  following person:

Office of the Clerk
Board of immigration appeals
5201 Leesburg pike, suite 1300
falls Church, Virginia  22041

U.S. Ins-trial Attorney Unit EL
1115 N.imperial Ave.
EL Centro, CA  92243

By placing a copy in a postage paid envelope addressed to the person herein a after listed, By depositing in the United States mail at san Ysidro.

Served date  7-31- 2005

CARDOZA-MEJIA, BENITO

*Benito Cardoza*



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**CARDOZA-MEJIA, BENITO**
**A#91-943-385**
**SD CORRECTIONAL FACILITY**
**P.O. BOX 439049**
**SAN DIEGO, CA 92143-9049**

U.S. INS - Trial Attorney Unit/EL
1115 N. Imperial Ave.
El Centro, CA 92243

Name: CARDOZA-MEJIA, BENITO                    A91-943-385

D̲ate of this notice: 07/25/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

                              Sincerely,

                              /s/ F.F.K.

                              Frank Krider
                              Chief Clerk

Enclosure

Panel Members:
    PAULEY, ROGER

**U.S. Department of Justice**  
Executive Office for Immigration Review

Falls Church, Virginia 22041

**Decision of the Board of Immigration Appeals**

===============================================================================

File:  A91-943-385 - El Centro                              Date:

In re: CARDOZA-MEJIA, BENITO                                JUL 2 5 2005

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: Victor Yee, Assistant Chief Counsel

ORDER:

    PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated March 29, 2005. In his decision, the Immigration Judge found the respondent removable and ineligible for any form of relief from removal. Accordingly, he ordered the respondent removed to Mexico. The appeal will be dismissed.

    The Immigration Judge correctly determined that the respondent is ineligible for any form of relief from removal and properly ordered him removed to Mexico. The respondent raises no arguments on appeal with regard to his eligibility for relief from removal which were not addressed by the Immigration Judge or which would cause us to reverse the Immigration Judge's decision. Contrary to the respondent's assumption on appeal, we note that the respondent's removal order is not a result of any prior conviction he may have. Rather, the respondent's removal order is based on the fact that he is present in the United States without being admitted or paroled, or he arrived in the United States at any time or place other than as designated by the Attorney General pursuant to section 212(a)(6)(A)(i) of the Act. We further disagree with the respondent's assertion that he did not receive notice of his hearing because he was present before the Immigration Judge on March 29, 2005, the date he was ordered removed by the Immigration Judge. To the extent that the respondent may be contesting a prior order of removal, we note that his appeal in that regard is untimely. 8 C.F.R. § 1003.3(a)(2). The decision of the Immigration Judge is therefore affirmed.

    Accordingly, the appeal is dismissed.

_____  
FOR THE BOARD