UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENITO CARDOZA-MEJIA,           )
       Petitioner,           )
                                     )
v.                              )     Civil Action No. 05-11741-DPW
                                     )
IMMIGRATION AND                 )
CUSTOMS ENFORCEMENT,            )
       Respondent.           )

MEMORANDUM AND ORDER FOR DISMISSAL

WOODLOCK, D.J.

    For the reasons set forth below: (1) the clerk shall correct the caption of this action to reflect the Petitioner as Benito Cardoza-Mejia (rather than Cardoza Mejia-Benito) and the Respondent as Immigration and Customs Enforcement; (2) this action is dismissed in its entirety and all pending motions are denied without prejudice in view of this dismissal.

BACKGROUND

    On August 13, 2005 this Court received a pleading from Benito Cardoza-Mejia which is captioned as follows:

> **United States Department for Justice**
> **Executive Office for immigration Review**
>   **Board of immigration Appeal**
> **In Re: file no: 91-94-33-85**
> **IN Deportation proceeding**
>
> **Motion to Reopen and remand**
>     **And**
> **Motion for stay of Deportation**

Petition, Docket #2.  The pleading was opened by the Clerk's Office as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and randomly assigned.  In the pleading, Petitioner

1

(who identifies himself as the "Respondent") requests that:

> these proceedings be reopened and remanded to the immigration Court in phoenix Arizona for Consideration of Cardoza prima facie claim for suspension of Deportation, and in the alternative for reconsideration and further analysis of Cancellation of removal Claim in light of new facts. And that Cardoza Deportation Be stayed pendent lite....

Id.

Cardoza-Mejia's proof of service, dated July 31, 2005, indicates that copies of his motion to reopen and remand were sent to the Office of the Clerk for the Board of Immigration Appeals, in Falls Church, Virginia, and to the U.S. INS-trial Attorney in Unit EL, in El Centro, California. Petitioner does not indicate his address, however, the documentation attached in support of his pleading indicates that he was in custody at SD Correctional Facility in San Diego, California. That documentation was the letter from the Chief Clerk at the Board of Immigration Appeals ("BIA") Office of the Clerk, in Falls Church, VA, dated July 25, 2005, enclosing a copy of the BIA's decision affirming the Immigration Judge's order of removal of March 29, 2005, and dismissal Cardoza-Mejia's appeal.

There is no available record which indicates how Cardoza-Mejia's pleadings were filed in this District Court, nor is there any indication why such pleadings were filed in this Court, since it appears the Petitioner intended the pleadings be directed to the Board of Immigration Appeals in Falls Church, VA, seeking an order to reopen and remand the immigration hearings. To add to this conundrum, there is no indication why Cardoza-Mejia seeks further proceedings in Phoenix, Arizona. A check with the Department of Homeland Security, Bureau of Immigration and Customs Enforcement in this District ("BICE"), indicates that the underlying immigration proceedings took place in El Centro, California. The Court was further advised

that Cardoza-Mejia was removed on August 3, 2005 to Mexico.

Accompanying his pleading, Cardoza-Mejia filed a Fee Waiver request on a BIA form. That document appears on the docket as a Motion for Leave to Proceed *in forma pauperis* (#1).

## ANALYSIS

This action shall be dismissed *sua sponte* for several reasons.

First, Cardoza-Mejia has not brought this action seeking <u>judicial</u> review of the final order of removal. As noted above, the pleading is directed to the BIA, and not to this Court. It appears from the caption of the pleading, the contents of the motion, and the certificate of service, that his pleading was misdirected to the Court, and was not in fact, intended to be filed as a habeas petition in this District, or as a petition for judicial review of a removal order.

Second, even if this action were deemed to be a request for judicial review of the removal order and/or judicial action with respect to removal, this Court is not the appropriate forum for such review or action, in light of the REAL ID Act of 2005, enacted on May 11, 2005.[1] Section 106(c) of the REAL ID Act of 2005 explicitly provides that judicial review of removal orders rests exclusively in the appropriate United States Circuit Court of Appeals, and that the District Court lacks jurisdiction to review such removal orders.

Here, whether based on Petitioner's allegation that immigration proceedings took place in Phoenix, Arizona or based on information provided by BICE that the immigration judge completed the proceedings in El Centro, California, it appears that the United States Court of Appeals for the Ninth Circuit would be the appropriate venue to exercise jurisdiction. In this

---

[1] REAL ID Act of 2005, H.R.1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231.

connection, it appears that if Cardoza-Mejia had brought a petition for judicial review, it would have been timely filed within the 30 day statutory limitation period for filing a petition for judicial review. See 8 U.S.C. § 1252(b)(1).

In view of this fact, I have considered whether a transfer of this action to the United States Court of Appeals for the Ninth Circuit is warranted in the interests of justice, pursuant to 28 U.S.C. § 1631 (providing that if a court lacks jurisdiction over an action, that court may transfer such action to any other court in which the action could have been brought at the time it was filed or noticed, if it is in the interests of justice, and the action shall proceed as if it had been filed on the date upon which it was actually filed in the transferee court). However, because Cardoza-Mejia has been removed to Mexico at this time (thus rendering the motion for stay moot), because it appears Cardoza-Mejia did not intend to file a petition for judicial review,[2] and because the United States Court of Appeals for the First Circuit has suggested, albeit specifically under the REAL ID Act and without addressing § 1631, that transfer is not appropriate for challenges to removal filed after May 11, 2005. Trochez Mejia v. Gonzalez, No. 05-2186 (1st Cir. Aug. 8, 2005), I do not find that transfer of this action under § 1631 would be

---

[2]The Court also notes that at the time the pleading was mailed by Cardoza-Mejia, he was in custody at the SD Correctional Facility in San Diego, California. Thus, had the petition been received prior to his removal, this Court nevertheless would have lacked habeas jurisdiction over any non-REAL ID Act matters, if indeed there were any. It is well settled that a writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Rumsfeld v. Padilla, 124 S. Ct. 2711 (2004), Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained). Petitioner's legal custodian was the superintendent or warden of SD Correctional Facility in San Diego, California.

in the interests of justice.

Accordingly, I will Order this action be dismissed in its entirety without prejudice, and all pending motions (*i.e.*, to proceed *in forma pauperis*, to reopen and remand, and stay of deportation) be denied without prejudice as moot in view of this Memorandum and Order for dismissal; and also Order the clerk correct the caption to reflect the petitioner as Benito Carlos-Mejia (as he is identified in the immigration file and as he identifies himself), and the Respondent to be the Immigration and Customs Enforcement (rather than Immigration and Naturalization Service).[3]  The Respondent is directed to mail a copy of this Memorandum and Order and Order for Dismissal to Benito Cardoza-Mejia at his last known address and/or mailing address in Mexico.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED that:

1. The clerk correct the caption of this action to reflect the Petitioner as Benito Cardoza-Mejia (rather than Cardoza Mejia-Benito) and the Respondent as Immigration and Customs Enforcement;

2. This action is dismissed in its entirety without prejudice;

3. All pending motions are denied without prejudice in view of this dismissal; and

4. The Respondent is directed to mail a copy of this Memorandum and Order and Order for Dismissal to Benito Cardoza-Mejia at his last known address and/or mailing address in Mexico.

SO ORDERED.

---

[3] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA").

Dated at Boston, Massachusetts, this <u>24th</u> day of <u>August,</u> 2005.

<u>/s/ Douglas P. Woodlock</u>
DOUGLAS  P. WOODLOCK
UNITED STATES DISTRICT JUDGE